IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDON E. HARRIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-08-3798 |
| § | |
| MICHAEL ASTRUE, COMMISSIONER OF § | |
| THE SOCIAL SECURITY § | |
| ADMINISTRATION, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the Court in this social security appeal is Plaintiff's Motion for Summary Judgment (Document No. 7), and Defendant's cross Motion for Summary Judgment (Document No. 9). After considering the cross motions for summary judgment, the administrative record, the written decision of the Administrative Law Judge, and the applicable law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and this proceeding is REMANDED to the Commissioner of the Social Security Administration for further proceedings.

**I.    Introduction**

Plaintiff Brandon E. Harris ("Harris") brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application

for supplemental security income benefits. Harris argues: (1) that the Administrative law Judge ("ALJ") failed to evaluate his mental retardation under 20 C.F.R. Part 404, Subpart P, Appendix 1, section 112.05D; (2) that the ALJ failed to properly evaluate his attention deficient hyperactivity disorder (ADHD) within the parameters of 20 C.F.R. Part 404, Subpart P, Appendix 1, section112.111; and (3) that the ALJ's determination that he did not meet Listing 112.111 for ADHD is not supported by substantial evidence. The Commissioner, in contrast, argues that there is substantial evidence in the record to support the ALJ's decision and that the ALJ properly applied the applicable Listings and regulations.

## II. Administrative Proceedings

On October 26, 2005, while he was under the age of 18, Harris' mother filed on Harris' behalf an application for supplemental security income benefits under Title XVI, alleging that Harris had been disabled since August 1, 1999, as a result of attention deficient hyperactivity disorder. The Social Security Administration denied Harris' application at the initial and reconsideration stages. After that, Harris requested a hearing before an ALJ. The Social Security Administration granted her request and the ALJ, Gary J. Suttles, held a hearing on March 4, 2008, at which Harris' claims were considered *de novo*. (Tr. 351-377). On March 25, 2008, the ALJ issued his decision finding that Harris was not disabled, and was therefore not entitled to supplemental security income benefits. (Tr. 16-28).

Harris sought review of the ALJ's adverse decision with the Appeals Council. The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in

reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 404.970; 20 C.F.R. § 416.1470. After considering Harris' contentions in light of the applicable regulations and evidence, the Appeals Council concluded that there was no basis for review. (Tr. 4-6). The ALJ's decision thus became final.

Harris has filed a timely appeal of the ALJ's decision. 42 U.S.C. § 405(g). The parties have filed cross motions for summary judgment (Document Nos. 7 & 9). The appeal is now ripe for ruling.

### III.  Standard for Review of Agency Decision

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g). While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Jones v.*

*Apfel*, 174 F.3d 692, 693 (5th Cir. 1999); *Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

**IV.      Availability of Supplemental Security Income Benefits**

Supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq, are available to aged, blind and disabled individuals, including minors who are disabled. See 42 U.S.C. §§ 1382, 1382c. Under 42 U.S.C. § 1382c(a)(3)(A), an individual aged 18 or over,

> shall be considered disabled [for purposes of supplemental security income benefits] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

Such an individual, however, will only be found to be under a disability if:

> his physical or mental impairment or impairments are of such severity that he is not

> only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 13872c(a)(3)(B). For individuals under the age of 18, supplemental security income benefits are available if the individual is disabled – meaning for those under 18 years of age that:

> [the] individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C).

An individual seeking supplemental security income benefits, either for themselves at 18 years of age or older, or on behalf of a minor (under the age of 18), has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988); *Tate ex rel. Tate v. Commissioner*, 368 F.Supp.2d 661, 663-664 (E.D. Mich. 2005); *Bean v. Astrue*, 2009 W.L. 3335026 at *19 (M.D. Tenn. 2009).

In evaluating whether a child (under the age of 18) is entitled to supplemental security income benefits under Title XVI, a three-step sequential analysis is employed. *See* 20 C.F.R. § 416.924(a) - (d). First, it must be determined whether the child is engaged in substantial gainful activity. If so, a finding of not disabled must be made; if not, it must next be determined if the child's impairment or combination of impairments is severe. A child will not be found to have a severe impairment if it constitutes only a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations.." 20 C.F.R. § 416.924(c). If the child has a severe impairment it must finally be determined whether the impairment meets, equals or is functionally equal in severity

5

to a listed impairment. 20 C.F.R. §§ 416.924(d), 416.926, 416.926a. Whether the impairment equals a listed impairment is determined by considering the medical evidence in connection with the requirements of the applicable listing. 20 C.F.R. § 416.926. If the impairment does not actually equal a listed impairment, it must be determined whether the impairment or combination of impairments "functionally" equals the requirements of any listed impairment. 20 C.F.R. § 416.926a. For this functional equivalence inquiry, it must be considered whether the child's impairment(s) results in a marked limitation in two, or an extreme limitation in one, of the following "domains": (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health a physical well-being. 20 C.F.R. § 416.926a(b). A "marked" limitation is one that interferes seriously with a child's ability to "independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(d)(2). An "extreme" limitation is one that "interferes very seriously with [one's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(d)(3).

## V.    Discussion

In this appeal, Harris challenges the ALJ's determinations at the second step of the aforementioned sequential analysis. In particular, Harris maintains that the ALJ did not properly consider whether his impairments equaled Listings 112.05D and 112.11. According to Harris, given his performance IQ score of 60 and his full-scale IQ score of 69, which the ALJ appears to have accepted as valid, and his ADHD, which the ALJ acknowledged as a severe impairment, he met the listing for mental retardation, Listing 112.05D. In addition, Harris maintains that he also met the separate listing for ADHD, Listing 112.11, and that the ALJ's determination to the contrary is not

6

supported by substantial evidence.

It is clear from the ALJ's decision that the ALJ did not consider whether Harris met Listing 112.05D; in fact, the ALJ's whole focus was on Listing 112.11. Listing 112.05D provides as follows:

> 112.05  *Mental Retardation:* Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning.
> The required level of severity for this disorder is met when the requirements in A, B, C, D, E, or F are satisfied.
>
> D.  A valid verbal, performance, or full IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function.

Here, the record shows, and the ALJ implicitly accepted, the following IQ scores:

> Intelligence testing performed on the claimant on January 27, 2003, at the Katy Independent School District, showed that he had a verbal IQ score of 81, a performance IQ score of 60, and a full-scale IQ score of 69 (Exhibit 8F, page 56). The claimant's evaluators concluded that there was a 95% probability that the claimant's full-scale IQ was in the range of 66 to 75 (Exhibit 8F, page 56).

(Tr. 23-24). There is nothing in the record to indicate that those IQ scores were not valid.[1] In addition, the record shows, and the ALJ found, that Harris has attention deficit hyperactivity disorder (ADHD), which is a severe impairment, and that Harris has, as a result, a marked limitation in his ability to attend to and complete tasks. Given the IQ scores in the record, coupled with the evidence and findings as to Harris' ADHD, it appears that Harris met Listing 112.05D. While the Commissioner argues that there is no diagnosis in the record of mental retardation, and no evidence in the record of any significant "subaverage general intellectual functioning with deficits in adaptive functioning," particularly in light of Harris' passing grades, his expectation to graduate from high

---

[1] The ALJ did reject as invalid the following IQ scores which were significantly lower: verbal IQ 50; performance IQ 47; and full scale IQ 40.  *See* Tr. at 24. The ALJ did not dispute the validity of the higher scores, which are the only other IQ scores in the record: verbal IQ 81; performance IQ 60; full scale IQ 69.  *Id.*

school, and his performance on the Wide Range Achievement test, *see* Defendant's Motion for Summary Judgment (Document No. 9) at 6-7, both the Commissioner and the ALJ fail to address the two requirements in Listing 112.05D – IQ scores between 60 and 70, and "a physical or other mental impairment imposing an additional and significant limitation of function." Because the ALJ did not consider this Listing and did not consider whether Harris met the Listing, this proceeding must be remanded to the Commissioner for further proceedings, including consideration of whether Harris met, while under the age of 18, Listing 112.05D.

**VI.     Conclusion and Order**

Based on the foregoing, and the conclusion that the ALJ erred in failing to consider whether Harris met Childhood Disability Listing 112.05D, the Court

ORDERS that Defendant's Motion for Summary Judgment (Document No. 9) is DENIED, Plaintiff's Motion for Summary Judgment (Document No. 7) is GRANTED, and this matter is REMANDED to the Commissioner pursuant to sentence four, 42 U.S.C. 405g, for further proceedings.

Signed at Houston, Texas, this 20TH day of January, 2010.

Frances H. Stacy
United States Magistrate Judge